UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KYLE FAULK                                                          CIVIL ACTION

VERSUS                                                             NO: 12-1714

TODD M. DUPLANTIS`                                        SECTION: "A" (3)


**ORDER AND REASONS**

The following motion is before the Court: **Motion to Strike Defendant's Amended Witness and Exhibit List (Rec. Docs. 71)** filed by Plaintiff Kyle Faulk. Defendant Todd Duplantis opposes the motion. The motion, scheduled for submission on February 26, 2014, is before the Court on the briefs without oral argument.

Plaintiff moves to strike Defendant's amended witness and exhibit list insofar as Defendant seeks to add Frank L. Tridico as a trial witness, and the Houma Police Department External Organizational Assessment, a study that Tridico prepared in 2008, as a trial exhibit. Plaintiff complains that he was not provided a copy of the study, he was not given the opportunity to depose Tridico before discovery closed, and that Tridico is an expert who has not produced a report. Plaintiff argues that he will be prejudiced unless the requested relief is granted. This case is scheduled to be tried to a jury on June 23, 2014.

According to Defendant, he learned for the first time in December 2013 that Faulk intended to claim that the elimination of a captain's position within the Houma Police Department was another means by which Todd Duplantis sought to retaliate against Faulk. Defendant contends that if Plaintiff intends to pursue this claim then Tridico (and his 2008 study) are crucial to the defense.

1

The motion is GRANTED because Tridico and the 2008 study are irrelevant to the claims that Faulk has alleged in this lawsuit. Faulk has never raised the issue of elimination of a captain's position as a retaliatory measure for Faulk's First Amendment expression on HB106. In fact, according to Defendant's memorandum, the position was eliminated after this lawsuit was already pending, and Defendant's concern with the scope of Faulk's claim arose based on testimony elicited during Faulk's discovery deposition.

In one of this Court's prior rulings, the Court specifically addressed the problem with Faulk trying to expand this lawsuit by bringing up other allegedly retaliatory acts that he had not pleaded in his otherwise fact-intensive complaint. Faulk had previously tried to introduce new retaliatory acts via an affidavit in opposition to a defense motion. The Court explained:

> Defendants cannot defend a retaliation case that behaves as a moving target. The only act of retaliation that Faulk pleaded was the transfer to the uniformed night patrol car position. Faulk's claim for First Amendment retaliation is therefore limited to that specific employment action, and he cannot expand his complaint with new causes of action by submitting an affidavit that describes other acts that he believes to be retaliatory.

Rec. Doc. 56 at 9. The Court concluded its opinion by stating that "the only claim that remains for trial [] is Faulk's claim of First Amendment retaliation based on Duplantis's decision to transfer Faulk to the uniformed night patrol." *Id.* at 22.

Likewise, Faulk cannot unilaterally expand the scope of his retaliation claim by verbalizing other new complaints at his deposition or by raising those complaints at Civil Service Board meetings. The scope of this litigation is governed by Faulk's complaint filed in this Court and complaints about the elimination of a captain's position formed no part of that complaint.[1] Moreover, although the Court previously recognized that some allegedly

---

[1]   Again, as the Court appreciates the chronology of events, the position was not eliminated until after this lawsuit was filed. Faulk never moved to amend his complaint to assert

retaliatory acts might have probative value even if they were not actionable in and of themselves as "adverse employment decisions," the elimination of the captain's position occurred <u>after</u> the adverse employment decision that forms the basis of Faulk's complaint. It is therefore completely irrelevant and Faulk will not be allowed to raise the issue at trial. Tridico and his 2008 study are therefore unnecessary to the defense.

Accordingly;

**IT IS ORDERED** that the **Motion to Strike Defendant's Amended Witness and Exhibit List (Rec. Docs. 71)** filed by Plaintiff Kyle Faulk is **GRANTED** as explained above.

March 21, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

a claim based on the elimination of a captain's position, most likely because the elimination of one of the department's three captain's positions was not an adverse employment decision vis à vis Faulk for which he can recover.