UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KYLE FAULK | CIVIL ACTION |
| VERSUS | NO: 12-1714 |
| TODD M. DUPLANTIS` | SECTION: "A" (3) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Attorney's Fees (Rec. Doc. 132)** filed by Plaintiff, Kyle Faulk. Defendant Todd M. Duplantis opposes the motion. The motion, scheduled for submission on May 20, 2015, is before the Court on the briefs without oral argument.

On July 16, 2014, the jury returned a verdict in favor of Faulk on his First Amendment retaliation claim against Todd M. Duplantis. (Verdict Form, Rec. Doc. 100-1). The jury concluded that Duplantis transferred Faulk to uniformed car patrol in retaliation for engaging in protected speech, and that the transfer constituted an adverse employment action. The jury then awarded Faulk $75,000 in compensatory damages and $275,000 in punitive damages. (*Id.* at 2, 3). The Court granted Duplantis' motion for new trial on damages. (Rec. Doc. 118). The second jury found in favor of Faulk and awarded him $50,000 in compensatory damages and $200,000 in punitive damages. (Rec. Doc. 126-2). The Court entered judgment on the verdict on April 16, 2015 (Rec. Doc. 129).

Faulk now seeks reasonable attorney's fees and costs incurred in the prosecution of

his case as a prevailing party under 42 U.S.C. § 1988.[1] Faulk contends that attorney's fees in the amount of $202, 597.50 (578.85 hours x $350 per hour) would properly compensate his counsel for their work on the case. Defendant does not contest Plaintiff's entitlement to attorney's fees as a prevailing party but does take issue with both the hours claimed and the rate requested.

The determination of an attorney fee award under 42 U.S.C. § 1988 is a two-step process. *Jimenez v. Wood County*, 621 F. 3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999)). First, the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* In calculating the lodestar the court excludes all time that is excessive, duplicative, or inadequately documented. *Id.* Second, once the lodestar is calculated the court can adjust it based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] The burden of proof of reasonableness of the number hours claimed is on the fee applicant. *Leroy v. City*

---

[1] Via the instant motion Plaintiff's counsel also seek to recover $6,741.97 in costs. In this district costs are taxed in the first instance by the Clerk of Court pursuant to the procedure described in Local Rules 54.3 and 54.3.1. The request for costs included in this motion will not be addressed.

[2] The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Johnson*, 488 F.2d at 717-19).
In light of *Perdue v. Kenny*, 559 U.S. 542 (2010), an upward enhancement to the lodestar will rarely be appropriate. In *Perdue*, the Supreme Court explained why the lodestar calculation carries with it a strong presumption of reasonableness. *Id.* at 552.

*of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Determining a reasonable fee is a matter committed to the sound discretion of the trial judge. *Perdue*, 559 U.S. at 558.

***Hourly Rate***

Plaintiff's counsel, Jerri Smitko and David Ardoin, have requested an hourly rate of $350 per hour. Plaintiff has the burden of establishing that $350 per hour is in line with the rate prevailing in this legal community for similar services by lawyers of reasonably comparable skills and experience. In support of this requested rate attorneys Smitko and Ardoin each submitted an affidavit attesting to their normal hourly billing rates. Smitko attests that she typically charges $300 per hour for state court litigation and $350 per hour for federal court litigation; Ardoin attests that he charges an hourly rate between $250 and $350 an hour depending on the nature and complexity of the action. (Rec. Docs. 132-3 & 4).

In opposition, Duplantis has submitted affidavits from two Terrebonne Parish attorneys who regularly practice in this community. Attorney Danna E. Schwab has been a licensed attorney since 1990. Ms. Schwab attests that in her opinion the prevailing and customary hourly rated charged for jury trial work falls withing a range of $150.00 to $225.00 per hour, depending on the complexity of the litigation. (Rec. Doc. 133-1). Attorney Barry J. Boudreaux has been a licensed attorney since 1983. Mr. Boudreaux attests that in his opinion the prevailing and customary hourly rated charged for jury trial work falls within a range of $175.00 to $250.00 per hour depending on the complexity of the litigation. (Rec. Doc. 133-2).

The Court is persuaded that the rates suggested by Duplantis's witnesses reflect the prevailing hourly rate for comparable work in this district. Duplantis suggests that the Court

use an hourly rate of $175.00 at the low end of the range because this case was not novel or complex. The Court agrees with Duplantis' assessment of the case but Smitko and Ardoin each have practiced law for many years (29 and 17, respectively), and trying a case to a jury is always challenging and risky. The Court is convinced that it was through Smitko's and Ardoin's trial expertise and skill that Faulk obtained such a generous jury verdict under the facts of his case (twice in fact). The Court therefore will use a rate of $225 per hour for the lodestar calculation.

***Hours Expended***

Attorney Smitko claims 461.6 hours of time for both trials; Ardoin claims 117.25 hours for both trials; their combined hours are 578.85 hours. (Rec. Docs. 132-5 & 132-7). Of Smitko's hours 66.3 are specific to the second trial; of Ardoin's time 55.5 hours are specific to the second trial. The Court's first task under the lodestar method is to eliminate hours that are excessive, duplicative, or inadequately documented. Duplantis raises persuasive arguments pertaining to this task. While the Court will not traverse the attorneys' itemized time sheets line for line the Court makes the following observations which apply globally to the hours claimed.

First, most of Smitko's hours in the earlier part of this case were devoted to pursuing claims that were non-cognizable *ab initio* as a matter of federal law. Faulk and the plaintiff in Civil Action 12-1717, Milton Wolfe, attempted to assert claims (including claims for preliminary emergency relief) pertaining to the state's civil service system, the conduct of the Louisiana legislature, the adequacy of Duplantis's qualifications as police chief, and a defunct federal consent decree—none of which were even arguably viable under § 1983. Defendants were forced to file five dispositive motions which Faulk and Milton vehemently opposed even

though their positions were not legally viable. Defendants were overwhelmingly granted relief, and the sole claim that remained of the numerous claims asserted and the numerous defendants sued was the claim against Duplantis in his individual capacity for First Amendment retaliation. (Rec. Doc. 56, Court's 8/16/13 Order and Reasons). Duplantis cannot be expected to pay for attorney time spent pursuing and defending claims that had nothing to do with his own personal conduct.[3]

Second, although Ardoin's contribution to the case was beyond reproach, the Court is not persuaded that it was necessary to bring in a second trial attorney, particularly one of Ardoin's skill and experience, on the eve of trial. As the Court has already noted, the case was not complex and Smitko is an experienced trial attorney. Undoubtedly having two attorneys at trial made the logistics of trying the case easier but the Court is not persuaded that the cost of two experienced trial lawyers should be borne by Duplantis.

Third, of the combined 578.85 hours for Smitko and Ardoin, Smitko claims 66.3 hours for the second trial on damages and Ardoin claims 55.5 hours. The Court can certainly envision circumstances where a defendant in Duplantis's position should be cast in judgment for the attorney fees incurred because of a retrial on damages but the second trial in this case was not required due to any conduct on Duplantis's part or on the part of his attorney. The

---

[3] Smitko's time sheets include references to Wolfe's claim and Duplantis points out that the time sheets provide no way to ensure that Duplantis is not being taxed for time spent on Wolfe's case. Wolfe's complaint on its face failed to state a claim for First Amendment retaliation so the Court finds it highly unlikely that any time spent on Wolfe's case would have inured to the benefit of Faulk's case. *See Von Clark v. Butler*, 916 F.2d 255 (5th Cir. 1990) (recognizing that the fee applicant bears the risk of not clearly distinguishing between attorney time spent on the defendant's case and time spent on claims by and against other parties).

Another particularly noteworthy entry that suggests to the Court that Smitko did not purge her claimed hours of time that was not chargeable to the case against Duplantis was an entry for 21 hours of time to review a 1264 page HPD FISCA Manual that played no part in the trial of the claims against Duplantis. (Rec. Doc. 132-5 at 3).

Court recognizes that Faulk and his attorneys were likewise free of fault with respect to the first jury's untenable verdict but the Court is persuaded that it would be unfair to cast Duplantis with the entirety of the attorney fees incurred because of the new trial.[4]

Finally, when awarding attorney's fees under § 1988 the Court remains mindful that § 1988's aim is to serve the important public purpose of encouraging capable attorneys to undertake the representation of meritorious civil rights cases—cases that might otherwise be overlooked because at times the vindication of rights does not involve a significant monetary value. *See Perdue*, 559 U.S. at 552, 559. Section 1988 does not necessarily award the prevailing party for every hour that his attorney spent working on the case and it does not make the defendant liable for satisfying whatever fee arrangements a plaintiff makes with his attorney.[5] In this case there is no evidence that Faulk's attorney's were forced to forego any other legal work because of their time on this case.

Based on the foregoing, the Court deems it appropriate to allow 50 percent of the total hours claimed by Smitko and Ardoin.[6] The reasonable fee under the lodestar calculation

---

[4] The Court adds that Smitko opted to claim her hours for the second trial as a lump sum total instead of itemizing her hours for the new trial which is unacceptable. The Court notes that where Smitko did itemize in conjunction with the first trial the hourly charges at times appear to incorporate time for work of a clerical nature as opposed to purely legal work performed by an attorney.

[5] Plaintiff's counsel point out that Faulk agreed to a 40 percent contingency fee agreement with Smitko and Ardoin. Absent a contractual arrangement to the contrary, the Court's award of attorney's fees under § 1988 does not alter Faulk's fee agreement with his lawyers. *See Gobert v. Williams*, 323 F.3d 1099 (5th Cir. 2003) (recognizing that § 1988 has nothing to do with what a client agrees to pay his attorney). In other words, § 1988 in and of itself neither voids Faulk's payment contract with his attorneys nor foists it upon Duplantis.

[6] In a supplemental memorandum Smitko and Ardoin suggest that their claimed hours of 578.85 are reasonable because public records reveal that Duplantis's counsel billed 528.50 hours defending the case and the parish attorney billed 364 hours defending her clients, the parish and the parish president. (Rec. Doc. 143-2). This argument fails to recognize that defense counsel

comes to $65, 137.50 ($225 x 289.5 hours). The Court finds that this fee amount already encompasses the twelve *Johnson* factors and need not be enhanced or reduced.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Attorney's Fees (Rec. Doc. 132)** filed by counsel for Plaintiff, Kyle Faulk is **GRANTED**. The Court awards attorney fees in the amount of $65, 137.50. The request for costs is denied without prejudice. Within **ten (10) days** of entry of this Order Faulk's counsel shall move for costs with the Clerk pursuant to the Local Rules of this Court.

June 4, 2015

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

had to originally defend this case against a bevy of claims, all but one of which were dismissed on motion practice because they lacked legal merit.